**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lynae A Cole, | No. CV-21-01636-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Dismiss (Doc. 7). *Pro se* Plaintiff has not filed a response, and the time to do so has expired. LRCiv 7.2.

**I.     Plaintiff's Complaint, Removal, and Substitution of Defendant**

Plaintiff originally filed this matter in Maricopa County Justice Court. (Doc. 1-4 at 2). The Complaint brought several claims against the sole named Defendant Gordana Milosevic for events that arose at the Phoenix Veterans Affairs ("VA") Medical Center. (*Id.*) Plaintiff generally alleges that Ms. Milosevic made false statements about Plaintiff, which created a hostile work environment and damaged Plaintiff's personal and professional reputation. (*Id.*) Because these false statements were reported to VA management, Plaintiff alleges Ms. Milosevic attempted to defraud the United States Government. (*Id.*)

28 U.S.C. § 2679(d)(2) allows the Attorney General to certify that a defendant employee was acting within the scope of employment for the United States at the time of the incident out of which the claim arose, and, if so, any civil action in state court shall be

removed to the federal district court. Here, the United States removed this action to this Court and subsequently certified under 28 U.S.C. § 2679(d)(2) that Ms. Milosevic was acting within the scope of her employment as a United States employee at the VA. (Doc. 4).

After removal, the Unite States filed a Notice of Substitution, which substituted the United States as the Defendant in the place of Ms. Milosevic. (Doc. 6). The basis of the substitution was the Federal Tort Claims Act, which permits suits against the United States as the exclusive remedy for tort claims resulting from the wrongful acts of federal employees performed within the scope of their employment. *See* 28 U.S.C. § 2674. The United States subsequently filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. 7).

## II.     Defendant's Motion to Dismiss Under Rule 12(b)(1)

A motion made under Rule 12(b)(1) challenges a court's subject-matter jurisdiction. Federal district courts presume they do not have jurisdiction, or the power, to hear any claim. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It is the burden of the party asserting jurisdiction to show the court has jurisdiction. *Id.* Here, Plaintiff has the burden of showing the Court has jurisdiction.

The United States argues this Court lacks jurisdiction because Plaintiff failed to submit an administrative claim and exhaust her administrative remedies. (Doc. 7 at 4). Under 28 U.S.C. § 2675, a party may not pursue an action against the United States for money damages resulting from the wrongful act of Government employee unless that party first presented the claim to the appropriate agency. This is referred to as exhausting the administrative remedies for a claim. *See D.L. v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017). Federal district courts have no power to hear claims brought by a party that has failed to exhaust its administrative remedies. *Id.*

As the United States argues, "Plaintiff has not presented anything resembling an administrate claim to the VA." (Doc. 7 at 5). Because Plaintiff has not responded to the United States' Motion, she fails to carry her burden of showing the Court that it may

exercise jurisdiction over this matter. *See Kokkonen*, 511 U.S. at 377. The Court must, therefore, presume that it lacks jurisdiction to hear this matter.

### III. Conclusion

In summary, Plaintiff has brought a suit against a United States employee for wrongful conduct that occurred as part of the employee's job. Although it appears Plaintiff intended to sue the employee in her personal capacity, she may not. Her action is properly brought against the United States. But before the Court may hear Plaintiff's claim for money damages against the United States, she must show she first attempted to file a claim with the VA. Because she has not, the Court must grant the United States' Motion to Dismiss and dismiss Plaintiff's Complaint.

Plaintiff, if she chooses, may file a first amended complaint.[1] *See Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc) (holding that a pro se litigant must be given leave to amend her complaint "if it appears at all possible that the plaintiff can correct the defect" in the complaint); Fed. R. Civ. P. 15(a)(2) (leave to amend should be "freely" given "when justice so requires"). Plaintiff should be aware that the Court will summarily dismiss any claim made against Gordana Milosevic for monetary damages as futile. If Plaintiff does not file a first amended complaint on or before January 7, 2022, the Court will dismiss this action.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 7) is **granted**. Plaintiff's Complaint (Doc. 1-4) shall be dismissed.

…

…

…

…

…

---

[1] Because Plaintiff is appearing *pro se*, she may information contained within the District's Handbook for Self-Represented Litigants of use. The Handbook is available online at https://www.azd.uscourts.gov/handbook-self-represented-litigants.

1    **IT IS FURTHER ORDERED** that Plaintiff may file a first amended complaint no
2 later than January 7, 2022.  If Plaintiff does not file a first amended complaint by January
3 7, 2022, the Clerk of Court shall dismiss this action without further order of this Court.
4    Dated this 22nd day of November, 2021.

                                    _____
                                    Honorable Diane J. Humetewa
                                    United States District Judge